**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREA LAPIETRA, and DEASHON TARVER,**

                                        **Plaintiffs,**

        **vs.**                                          **9:19-CV-1527**
                                                         **(TJM/TWD)**

**OFFICER JAN MIKA, et al.,**

                                        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                            **DECISION & ORDER**

        Before the Court is Plaintiffs' motion for reconsideration, dkt. # 51, of the Court's

order accepting and adopting the Report-Recommendation of Magistrate Judge Therésè

Wiley Dancks.  See dkt. # 45.  Also before the Court is another Report-Recommendation

filed by Judge Dancks.  See dkt. # 64.  That Report-Recommendation recommends that

the Court deny the Defendants' motion to dismiss.

        This case involves claims by the Plaintiffs that the Defendants, law enforcement

personnel and officers at different correctional facilities, violated their constitutional rights

in a variety of ways, including through illegal searches, excessive force, and deliberate

indifference to serious medical needs of Plaintiff Deashon Tarver while he was

incarcerated.  Plaintiffs filed an Amended Complaint and Judge Dancks examined that

filing for sufficiency of the claims and issued a report recommendation that proposed

                                        1

dismissing some claims and allowing service of the Amended Complaint on other claims. Plaintiffs did not file timely objections, and the Court accepted and adopted the Report-Recommendation.  See dkt. # 37.  Plaintiffs then filed a motion for reconsideration and raised objections to the Report-Recommendation.  See dkt. # 39.  The Court granted the motion for reconsideration to consider Plaintiffs' objections.  See dkt. # 45.  After undertaking a *de novo* review, the Court accepted and adopted the Report-Recommendation.  Id.  Plaintiffs now seek reconsideration of that decision.

When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).  Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

Plaintiffs have not pointed to any new evidence, clear error, or manifest injustice in the Court's adoption of the Report-Recommendation.  Instead they repeat arguments they made previously or which were available to them at the time they originally objected to the

2

Report-Recommendation.  The Court therefore finds no basis for reconsidering the earlier opinion, and will deny the Plaintiffs' motion.

Also before the Court is Judge Dancks's Report-Recommendation, which proposes that the Court deny the Defendants Burns, Durocher, and Haley, Remillard, and Haley's motion to dismiss the Amended Complaint.  See dkt. # 64.  Plaintiff Tarver has asserted Fourteenth Amendment excessive force and failure-to-protect claims against these defendants, who are jail guards.  Judge Dancks finds that Plaintiffs have sufficiently alleged both exhaustion of administrative remedies and constitutional violations by the moving Defendants to survive a motion to dismiss.

No party objected to the Report-Recommendation, and the time for such objections has passed.  After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

Accordingly:

The Plaintiffs' motion for reconsideration, dkt. # 51, of the Court's Decision and Order granting Plaintiffs' motion for reconsideration but also accepting and adopting Judge Dancks's Report-Recommendation, dkt. # 45, is hereby **DENIED**.  Judge Dancks' Report-Recommendation, dkt. # 64, is hereby **ACCEPTED and ADOPTED**.  Defendants' motion to dismiss, dkt. # 53, is hereby **DENIED**.

**IT IS SO ORDERED.**

Thomas J. McAvoy
Senior, U.S. District Judge

Dated:        February 2, 2022